UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eli Lilly and Company,

        Plaintiff,

v.

Renew MedSpa LLC,

        Defendant.

Case No. 23-cv-2880 (WMW/DLM)

**ORDER**

The parties having met and conferred regarding the intent of Plaintiff Eli Lilly and Company ("Lilly" or "Plaintiff") to file a motion for preliminary injunction herein and the representation of Defendant Renew Medspa LLC ("Renew" or "Defendant") that it has ceased use of Plaintiff's MOUNJARO® trademark and the advertising complained of in Plaintiff's Complaint; and

The parties, by and through their undersigned counsel, having agreed to entry of this Order; and

The parties having agreed that the consent of Lilly and of Renew to the entry of this Order shall be without prejudice to any of the claims asserted by Lilly in the Complaint herein or any permanent or other relief to which Lilly may be entitled, and without prejudice to any defenses that Defendant may have to the claims asserted in Lilly's Complaint; and

The parties have agreed to the entry of this Order by the Court based on their agreement to its entry, and without any admission or acknowledgement of the truth of the

allegations in Lilly's Complaint or the truth of any defenses that may be asserted by the Defendant. This is also without any findings or conclusions regarding the claims asserted by Lilly in its Complaint or regarding Lilly's likelihood of success on its claims against the Defendant, other than those set forth herein.

For purposes of this Order, the Defendant has agreed to waive the entry of findings of fact and conclusions of law in accordance with Rule 52(a)(2) of the Federal Rules of Civil Procedure.

Based on the parties' consent motion for preliminary injunction and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the parties' consent motion for preliminary injunction, (Dkt. 18), is **GRANTED**, as follows:

    1.    Solely for purposes of this Order and with the consent of Defendant, the Court finds:

        (a)    This court has jurisdiction over the claims asserted by Lilly and over the parties for purposes of this action, and venue is proper in this Court;

        (b)    Use of Lilly's registered trademark MOUNJARO® in connection with compounded drugs purporting to contain tirzepatide or in connection with the advertising, marketing, sale, or promotion of such drugs is likely to cause confusion and infringe Lilly's trademark rights;

        (c)    Statements to the effect that compounded drugs purporting to contain tirzepatide are Lilly products, are associated with Lilly, have been approved by the U.S. Food and Drug Administration ("FDA") and/or have

been proven to achieve certain therapeutic results or effects are likely to be false and violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    (d)    Such use and statements are likely to cause irreparable injury to Lilly; and

    (e)    The balance of hardships and the public interest weigh in favor of the entry of injunctive relief with respect to such use and statements.

2.    Defendant Renew Medspa LLC, its officers, agents, servants, employees, and attorneys, their respective affiliates, principals, owners, representatives, successors, and related companies, and all those in active concert or participation with them, are hereby, during the pendency of this action:

    (a)    PRELIMINARILY ENJOINED from using Lilly's registered trademark MOUNJARO® ("the Mark"), any reproduction, counterfeit, copy, colorable imitation or variation of the Mark, or any mark confusingly similar to the Mark, including but not limited to (i) use of the Mark in any manner that is likely to cause confusion, to cause mistake or to deceive or otherwise infringe Lilly's rights in the Mark in any way, and (ii) use of the Mark in connection with the advertising, marketing, sale or promotion of any compounded drugs purporting to contain tirzepatide that have not been approved by the FDA; and

    (b)    PRELIMINARILY ENJOINED from advertising or stating that any compounded drugs not approved by the FDA purporting to contain

tirzepatide that either are available, directly or indirectly, from or through Defendant or the use of which is facilitated by Defendant:

(1) are genuine or authentic Lilly MOUNJARO® drugs;

(2) are sponsored by or associated with Lilly;

(3) are approved by the FDA; have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use;

(4) have been proven to achieve certain therapeutic results or effects, including but not limited to relying on or making reference to clinical trial results for Lilly's products;

(5) are associated or connected in any way with Lilly or Lilly's products; or

(6) contain any ingredient (including but not limited to tizepatide) that is supplied by Lilly, is approved by the FDA, or is the same as any ingredient in any Lilly product.

3. Defendant shall disclose, in all advertising, marketing and promotional materials for any compounded drugs purporting to contain tirzepatide, that compounded tirzepatide and the process by which it is manufactured is not FDA approved and has not been reviewed by the FDA for safety or effectiveness.

4. Lilly is not required to post a bond in any amount in connection with this Order.

Dated:  November 14, 2023                               s/ Wilhelmina M. Wright
                                                                                 Wilhelmina M. Wright
                                                                                 United States District Judge